IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**ROBERTO DELGADO,**

    **Plaintiff,**

    vs.                                                                 Civ. No. 12-808 JB/ACT

**DR. GUTIERREZ, M.D., AND NURSE-
PRACTITIONER JUNE KUSHNER,
AT CCA CIBOLA COUNTY, MILAN, N.M.,**

    **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before the Court on Defendant Karl R. Gutierrez, M.D.'s Motion to Dismiss [Doc. No. 10] filed August 9, 2012 ("Motion"). On September 6, 2012, Defendant Gutierrez filed a Notice of Briefing Complete [Doc. No. 11]. On October 1, 2012, Plaintiff filed a Response in Opposition to Defendant's Notice of Completion of Briefing and Defendant's Notice of Removal to Federal Court [Doc. No. 12].[2] On October 10, 2012, Defendant Gutierrez filed a Reply in Support of His Motion to Dismiss [Doc. No. 13] and an Amended Notice of Completion of Briefing [Doc. No. 14]. On October 22, 2012, Plaintiff filed

---

[1] On Order of Reference [Doc. No. 5] was entered on July 25, 2012, referring this case to Magistrate Judge Alan C. Torgerson to conduct, hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.

[2] Plaintiff combines two issues in this document in which he is opposing Defendant Gutierrez's Motion to Dismiss and opposing Defendant Kushner's Notice of Removal. Because Plaintiff is proceeding *pro se*, we liberally construe his pleadings. *See Braxton v. Zavaras,* 614 F.3d 1156, 1159 (10th Cir.2010). Thus, the Court will construe the two issues raised as a "Response" to Defendant Gutierrez's Motion to Dismiss and a "Motion to Remand." That said, D.N.M.LR-Civ. 7.4 states in pertinent part that "[a] response must be served and filed within fourteen (14) calendar days after service of the motion." Plaintiff's Response and Motion to Remand are therefore untimely. The Court will nonetheless decide Defendant Gutierrez's Motion to Dismiss and Plaintiff's Motion to Remand on the merits.

a Motion Requesting Authorization to Reply to Motion to Dismiss [Doc. No. 15].  On October 30, 2012, Defendant Gutierrez filed a Response to Plaintiff's Motion Requesting Authorization From District Court to Reply to Defendant's Motion to Dismiss [Doc. No. 16].

The two primary issues that arise in the untimely and disjointed filings by Plaintiff related to Defendant Gutierrez's Motion to Dismiss are: (1) whether Plaintiff's Complaint presents a federal question over which this Court has jurisdiction; and (2) whether Plaintiff's claims against Defendant Gutierrez are solely for medical malpractice or include constitutional claims under the Eighth and Fourteenth Amendments.  Because the Court finds that federal question jurisdiction applies and that Plaintiff's Complaint alleges that both Defendants Gutierrez and Kushner violated  Plaintiff's Eighth and Fourteenth Amendment rights, this Court recommends that Plaintiff's Motion to Remand be DENIED and that Defendant Gutierrez's Motion to Dismiss be DENIED.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff is a federal prisoner incarcerated at the Cibola Correctional Center in Milan, New Mexico. [Doc. No. 1-1 at 3.]

On February 8, 2012, Plaintiff initially filed a "Motion for Federal Tort Claim Under § 1983 Pursuant to 42 U.S.C.A. § 1983, Pro Se" [Doc. No. 10-2] in the Thirteenth Judicial District Court in Cibola County.  Plaintiff named Cibola General Hospital and Dr. Gutierrez as Defendants alleging "medical malpractice, negligence, and gross negligence . . . arising out of treatment of injury to inmate's left hernia, and subsequent damages that resulted from the [hernia] surgery by the attending surgeon at the Cibola General Hospital." [Id.] Plaintiff also alleged that Dr. Gutierrez had violated his Eighth Amendment rights stating that "detainees are entitled to the degree of protection against denial of medical attention." [Id. at 3.]  On March 8,

2012, Defendant Gutierrez filed a Motion to Dismiss [Doc. No. 10-3] stating that because Defendant Gutierrez is a qualified healthcare provider as defined under the New Mexico Medical Malpractice Act, Plaintiff had failed to comply with the requirements of NMSA 1978 Section 41-5-15(A) providing that, "[n]o malpractice action may be filed in any court against a qualifying healthcare provider before application is made to the medical review commission and its decision is rendered." [Id.] On March 22, 2012, Plaintiff filed a "Stipulation of Dismissal" acknowledging that "Plaintiff has to first exhaust with the New Mexico Medical Review Commission and its decision has not been render[ed]." [Doc. No. 10-4.] Plaintiff's First Complaint was subsequently dismissed.

On June 12, 2012, Plaintiff filed a second Complaint entitled "Indigent Prisoner's Pro-Se Claim of Medical Malpractice" [Doc. No. 1-1] in the Thirteenth Judicial District Court in Cibola County ("Complaint"). Plaintiff named Dr. Gutierrez and Nurse Practitioner June Kushner as Defendants alleging "medical malpractice, negligence, breach of duty and gross negligence, under the New Mexico State Tort Claims Act, and the United States Federal Tort Claims Act of § 1983 (FTCA) and the Privacy Act." [Id. at 1.] Plaintiff also alleges that Dr. Gutierrez and Physician Assistant/Nurse Practitioner Kushner violated Plaintiff's Eighth Amendment right to be free from the unwanted infliction of pain and suffering, and his Fourteenth Amendment substantive due process rights because he "he did not voluntarily checked (sic) himself into hospital for medical services or test or observation and testing, but he was require[d] due to his medical conditions to trust on Dr. Gutierrez and also Nurse Practitioner Kushner." [Id. at 7.]

On July 24, 2012, Defendant Kushner filed a Notice of Removal [Doc. No. 1] As grounds for removal, Defendant Kushner states, "[g]iven plaintiff's express federal claims against

defendants this case may be removed . . . pursuant to the provisions of 28 U.S.C. § 1441,[3] 1443[4] and 1446.[5]" [Id. at 1.] Defendant Gutierrez concurred in the Notice of Removal. [Doc. No. 10 at 3.] On July 27, 2012, Defendant Kushner filed her Answer [Doc. No. 7] denying Plaintiff's allegations and setting forth her affirmative defenses.

On August 9, 2012, Defendant Gutierrez filed a Motion to Dismiss [Doc. No. 10] ("Motion"). In support of his Motion to Dismiss, Defendant Gutierrez explains that Plaintiff's Complaint alleges that Defendant Gutierrez committed acts of medical malpractice on March 26, 2011. [Doc. No. 10 at 3.] Because Defendant Gutierrez is a qualified healthcare provider as defined under the New Mexico Medical Malpractice Act, NMSA 1978, Section 41-5-5, Plaintiff must comply with the requirements of NMSA 1978, Section 41-5-15(A) providing that, "[n]o malpractice action may be filed in any court against a qualifying healthcare provider before application is made to the medical review commission and its decision is rendered." [Doc. No. 10 at 2.] Defendant Gutierrez asserts that the Plaintiff has not properly filed an Application before the New Mexico Medical Review Commission, and the New Mexico Medical Review Commission has not rendered a decision in this matter as required by Section 41-5-15(a). [Id. at

---

[3] "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(a).

[4] "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443.

[5] "A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446.

4.] Defendant Gutierrez argues that because Plaintiff has failed to comply with the requirements of the New Mexico Medical Malpractice Act, Plaintiff's Second Complaint against Defendant must be dismissed. [Id.]  Defendant Gutierrez does not address the constitutional claims raised in Plaintiff's Complaint.

There being no response filed by Plaintiff, Defendant Gutierrez filed a Notice of Completion of Briefing on his Motion to Dismiss on September 6, 2012.

On October 1, 2012, Plaintiff untimely filed a "Response in Opposition to Defendant's Notice of Completion of Briefing and Defendant's Notice of Removal to Federal Court." [Doc. No. 12.]  Plaintiff combines two issues in this document in which he is opposing both Defendant Gutierrez's Motion to Dismiss and Defendant Kushner's Notice of Removal. [Id.]  As to Plaintiff's Response, Plaintiff's only argument is that he opposes Defendant Gutierrez's Motion to Dismiss. [Id.]  In his Motion to Remand, Plaintiff states that his action against Defendants Gutierrez and Kushner is for medical malpractice and that he "did not file in this United States District Court under *Bivens*[6] or 1983." [Id. at 2.] Plaintiff contends that even if the case could be removed, it could only be removed as to Defendant Kushner "since her line of work involves the medical care for federal prisoners." [Id.] Plaintiff asserts that he was deprived of his right to "due service" since the Plaintiff was never notified that the Defendants were filing a Notice of Removal. [Id.]

October 10, 2012, Defendant Gutierrez filed a Reply in Support of his Motion to Dismiss. [Doc. No. 13.] Aside from arguing that both Plaintiff's Response to his Motion to

---

[6] Plaintiff did not refer to a *Bivens* action in his Complaint.  Presumably Plaintiff is attempting to reference *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 409 U.S. 388, 91 S.Ct. 1999,  29 L.Ed. 2d 619 (1971), which provides a federal prisoner's the equivalent to a state prisoner's Section 1983 action.

Dismiss and Plaintiff's Motion to Remand are untimely, Defendant Gutierrez contends that (1) Plaintiff's sole claim against Defendant Gutierrez is for medical malpractice, (2) Plaintiff himself argues this case is only removable as to Defendant Kushner, and (3) Plaintiff insists he is not bringing any federal claims against Defendant Gutierrez. [Id. at 3-4.] Defendant Gutierrez states that this Court has original jurisdiction over Plaintiff's federal claims and supplemental jurisdiction over Plaintiff's state claims. [Id.] As such, Defendant Gutierrez contends that this Court should dismiss Plaintiff's state law claims against Defendant Gutierrez for failure to exhaust administrative remedies pursuant to the New Mexico Medical Malpractice Act. [Id.] In addition, Defendant Gutierrez argues that to the extent any federal claims could be construed against him, they should also be dismissed given Plaintiff's insistence that his only claim against Defendant Gutierrez is for medical malpractice. [Id. at 4.]

On October 22, 2012, Plaintiff filed a "Motion Requesting Authorization From District Court to Reply to Defendant's Motion to Dismiss." [Doc. No. 15.] Plaintiff states that he "wrongly file[d] a medical malpractice, negligence, and gross negligence, under the Federal Tort Claims Act (FTCA) § 1983, and the Privacy Act" in the Thirteenth Judicial District Court. [Id. at 1-2.] In addition, Plaintiff states that he "chose to withdraw his case from the 13th Judicial District when he was trick[ed] into believing that he needed to exhaust administrative remedies with the State of New Mexico Medical Review Commission." [Id. at 2.] Plaintiff argues that because he filed *pro se*, his complaint must be held to a less stringent standard than pleadings drafted by lawyers, *"particularly when the pro se plaintiff alleges that his civil rights have been violated."* [Id. at 2.] (Emphasis in original.) Plaintiff then cites to several New Mexico cases[7]

---

[7] *Lepiscopo v. State of New Mexico*, 1991 U.S. App. LEXIS 10616 (10th Cir. Apr. 15, 1991) (unpublished) (affirming dismissal of a pro se prisoner's suit on the basis of Eleventh Amendment immunity wherein Lepiscopo

and argues that as an indigent claimant he is exempted from meeting the requirements of the New Mexico Medical Malpractice Act that requires him to file a complaint with the New Mexico Review Commission. [Id. at 3.]

Finally, on October 30, 2012, Defendant Gutierrez filed a Response to Plaintiff's Motion Requesting Authorization from District Court to Reply to Defendant's Motion to Dismiss. [Doc. No. 16.] Defendant Gutierrez argues that if Plaintiff's Motion were to be construed as a motion for leave to file a surreply, Plaintiff has failed to proffer legal arguments or evidence absent in the original motion to warrant a surreply. [Id. at 1.] If Plaintiff's Motion were to be as a response to Defendant's Motion to Dismiss, Defendant Gutierrez contends that Plaintiff has not demonstrated why the statutory requirements of the New Mexico Medical Malpractice Act do not apply to him. Finally, Defendant Gutierrez asserts that the cases cited by Plaintiff to support his contention that he does not have to comply with the New Mexico Medical Malpractice Act are distinguishable and not on point. [Id. at 3-6.]

## RELEVANT LAW

### A. JURISDICTION

Title 28 U.S.C. § 1331 provides a federal district court with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Article III of

---

asserted that the procedural requirement of the New Mexico Medical Act was unconstitutional because it denied him access to the courts because he was unable to obtain the attorney required to pursue his claim administratively); *Jiron v. Mahlab*, 99 N.M. 425, 659 P.2d 311, 312-313 (1983) (finding that where requirement of first going before Medical Review Commission causes undue delay or prejudice to plaintiff by loss of witnesses or parties, plaintiff is unconstitutionally deprived of his right of access to courts); *Otero v. Zouhar*, 102 N.M. 482, 697 P.2d 482, 485-86 (1985) (finding that mailing application to Medical Review Commission on last day before malpractice statute of limitations ran was timely submitted and tolled statute of limitations until 30 days after Commissioner entered decision) *overruled in part on other grounds;* and *Grantland v. Lea Regional Hosp., Inc.*, 110 N.M. 378, 796 P.2d 599 (1990) (finding that upon submission of medical malpractice claim to Medical Review Commission, statute of limitations is tolled, regardless of whether health care provider is unqualified and claim is rejected or health care provider is qualified and claim is resolved on merits; overruling *Otero v. Zouhar*).

the Federal Constitution states that lower federal courts have original jurisdiction over "all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority."  U.S. Const.. art. III, §§ 1, 2. Regarding a federal district court's jurisdiction, the Tenth Circuit Court of Appeals further stated:

> In *Bell v. Hood*, the Supreme Court explained that "where the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions[,] .. . *must* entertain the suit.." 327 U.S. 678, 681-82, 66 S.Ct. 773, 90 L.Ed. 939 (1946) (emphasis added). The two "possible exceptions" are claims that "clearly appear[] to be immaterial and made solely for the purpose of obtaining jurisdiction" or claims that are "wholly insubstantial and frivolous."  *Id.* at 682-83, 66 S.Ct. 773; *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005).

*Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1095 (10th Cir. 2005), *opinion vacated in part, on other grounds, on rehearing en banc*, 449 F.3d 1097 (10th Cir. 2006).

### B. SUPPLEMENTAL JURISDICTION

In an action over which it has federal question jurisdiction, a federal court may exercise supplemental jurisdiction over state law claims which form part of the same case or controversy. *See* 28 U.S.C. § 1367(a).  The court may decline to exercise supplemental jurisdiction over a state law claim when it has dismissed all claims over which it has original jurisdiction.  *See* U.S.C. § 1367(c)(3). "The exercise of supplemental jurisdiction is therefore discretionary."  *Gold v. Local 7 United Food and Commercial Workers Union*, 159 F.3d 1307, 1310 (10th Cir. 1998.)

### C. REMOVAL

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals."  *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005)(citing

*Shamrock Oil Gas Corp. v Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868 (1941), and *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280- (10th Cir. 2001)). Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction. *Id.* (citing *United States ex rel. Precision Co. v. Koch Indus., Inc.*, 971 F.2d 548, 551 (10th Cir.1992), *cert. denied*, 507 U.S. 951, 113 S.Ct. 1364, 122 L.Ed.2d 742 (1993). If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). In a removed case the defendant must show in its notice of removal that the plaintiff's well-pleaded complaint "established either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constru. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 88 L.Ed.2d 420 91983). "All doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

28 U.S.C. § 1441(a) and (b) provide for removal of an action from state to federal court when the federal court has "original jurisdiction" over the action because it is "founded on a claim or right arising" under federal law. "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L.Ed.2d 318 91987) (footnote omitted). "The presence or absence of federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

"Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit," in a removed case. *Gully v. First Nat'l Bank*, 299 U.S. 109, 118, 57 S.Ct. 96, 81 L.Ed. 70 (1936). The Federal right "must be an element, and an essential one, of the

9

plaintiff's cause of action." *Id* at 112, and "the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal," *Id*. at 113. "The 'vast majority' of cases that come within [the federal-question] grant of jurisdiction are covered by Justice Holmes' statement that a "'suit arises under the law that creates the cause of action.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (internal quotations marks omitted).

### D. REMAND

A plaintiff may attack the removal of a case to federal court by filing a motion in federal district court to remand the case to state court. See *Caterpillar Inc. v. Lewis*, 519 U.S. at 69, 117 S.Ct. 467; *Huffman v. Saul Holdings Ltd., P'ship*., 194 F.3d at 1076 (citation omitted); 28 U.S.C. § 1447(c). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). The courts strictly construe the removal statues in favor of remand and against removal. *Fajen v. Foundation Reserve Ins. Co., Inc*., 683 F.2d 331, 333 (10th Cir. 1982). If the case is remanded, the defendants cannot remove the case to federal court again unless removability is premised upon a voluntary act by the plaintiff. See *Huffman v. Saul Holdings Ltd. P'ship*., 194 F.3d at 1078.

### DISCUSSION

### A. Motion to Remand

On June 12, 2012, Plaintiff filed his Complaint in the Thirteenth Judicial District Court entitled "Indigent Prisoner's Pro-Se Claim of Medical Malpractice" alleging "medical malpractice, negligence, breach of duty and gross negligence, under the New Mexico State Tort Claims Act, and the United States Federal Tort Claims Act of § 1983 (FTCA) and the Privacy

Act." [Doc. No. 1-1 at 1.] Plaintiff also alleges that Defendants violated his Eighth and Fourteenth Amendment rights. [Id. at 7.] In filing the Notice of Removal, Defendant Kushner states that "[g]iven plaintiff's express federal claims against defendants this case may be removed . . . pursuant to the provisions of 28 U.S.C. § 1441, 1443 and 1446." [Doc. No. 1 at 1.] Defendant Gutierrez concurred in the Notice of Removal. [Doc. No. 10 at 3.]

From the outset the Court acknowledges the conflicting positions presented in Plaintiff's Motion to Remand and Plaintiff's Complaint. For example, in his Motion to Remand, Plaintiff states that his action against *both* Defendants is for medical malpractice and that he "did not file in the United States District Court under *Bivens* or 1983." [Doc. No. 12 at 2.] In contrast, Plaintiff's Complaint states that the Defendants, in addition to medical malpractice, violated his "Eighth Amendment right to be free from the unwanted infliction of pain and suffering," and his Fourteenth Amendment "substantive due process rights" because he "he did not voluntarily checked (sic) himself into hospital for medical services or test or observation and testing, but he was require[d] due to his medical conditions to trust on Dr. Gutierrez and also Nurse Practitioner Kushner[.]" [Doc. No. 1-1 at 7.] In establishing jurisdiction, the Court looks to the face of a plaintiff's complaint and determines whether a federal right is an essential element of plaintiff's cause of action. "[T]he presence or absence of [a] federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)(footnote omitted). In addition, the federal right "must be an element, and an essential one, of the plaintiff's cause of action. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Here, Plaintiff's Complaint alleges constitutional violations founded on a claim or right arising under federal law. Therefore,

general federal-question jurisdiction exists and the Defendant Kushner's Notice of Removal to federal district court is proper.

Plaintiff's assertion in his Motion to Remand that even if the case could be removed, it could only be removed as to Defendant Kushner is again in conflict with Plaintiff's Complaint wherein he alleges constitutional violations against *both* Defendants. In addition, Plaintiff's assertion is of no avail given the statutory requirements governing removal. "[A]ll defendants who have been properly joined and served in the suit must join in the notice of removal or consent to the removal." 28 U.S.C. § 1446((b)(2)(A). In other words, when there are multiple defendants, the removing defendant must secure consent to removal from the other served defendants. Once consent is secured, the entire case, including all defendants, must be removed to federal court. As noted above, Defendant Gutierrez concurred in the Notice of Removal. [Doc. No. 10 at 3.]

Finally, as to Plaintiff's argument that Defendants did not obtain his consent for removal, the Defendants are not required to obtain Plaintiff's consent in order to remove. When a civil action is removed solely under section 1441(a), all *defendants* who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A). Defendant Kushner's only obligation to the Plaintiff in the removal process is to "serve a copy of the removal notice and attachments on all adverse parties." 42 U.S.C. § 1446(d). Defendant Kushner met this obligation.

### B. <u>Motion to Dismiss</u>

Defendant Gutierrez asks this Court to dismiss Plaintiff's Complaint against him arguing (1) that Plaintiff's sole claim against Defendant Gutierrez is for medical malpractice, (2) that Plaintiff himself argues this case is only removable as to Defendant Kushner, and (3) that

12

Plaintiff insists he is not bringing any federal claims against Defendant Gutierrez. As a qualified healthcare provider under the New Mexico Medical Malpractice Act, Defendant Gutierrez contends that Plaintiff is required to comply with the administrative requirements contained therein and has failed to do so. As such, Defendant Gutierrez argues this Court has supplemental jurisdiction over Plaintiff's state law claims and should dismiss Plaintiff's Complaint for failure to exhaust his administrative remedies.

Admittedly, Plaintiff's Complaint and subsequent filings display a disjointed presentation of Plaintiff's allegations. That said, the Court will not ignore the constitutional claims alleged in Plaintiff's Complaint against *both* Defendants. Specifically, Plaintiff alleges,

> Dr. Gutierrez is an employee or contractor with the Cibola Correction Corporation of America to provide health care to prisoners incarcerated at CCA Cibola County. Dr. Gutierrez is liable to the Petitioners complaint because his position made him responsible for ensuring adequate care to all of his patients including inmates such as Plaintiff.
>
> The substandard care that Plaintiff received and the subsequent negligence perpetrated by Dr. Gutierrez in failing to ensure that Physician Assistant/Nurse Practitioner Kushner did what he order, violated Plaintiff's Eighth Amendment rights to be free from the unwanted infliction of pain and sufferings, U.S.C.A. Const. Amends. 8.
>
> Petitioner is a federal inmate within the privatization management branch. "[U]nder the Eighth Amendment, even criminal aliens are entitled to the degree of protection against infliction of unwanted pain and sufferings and also from the denial of proper medical care that, (1) violated a constitutional right and (2) the constitutional right was clearly established." [T]herefore, CCA did (sic) Kushner have a custodial relationship with Petitioner, such that it had duty to protect, as required for claim alleging violations of patient's Eight[h] Amendment and also substantive due process rights in his follow up treatment; inmate did not voluntarily checked himself into hospital for medical services or test or observation and testing, but he was require[d] due to his medical conditions to trust on Dr. Gutierrez and also Nurse Practitioner Kushner as the only alternatives sources of treatment. U.S.C.A. Const. Amend. 14; 42 U.S.C.A. § 1983.

13

[Doc. No. 1-1 at 7.] Furthermore, Defendant Gutierrez's argument that Plaintiff is insisting he is *only* bringing a medical malpractice claim against him is untethered given Plaintiff's *insistence* is couched in the same disjointed presentation displayed throughout his filings. For example, at the same time Plaintiff states he has wrongly filed "a medical malpractice, negligence, and gross negligence, under the Federal Tort Claims Act (FTCA) § 1983, and the Privacy Act," Plaintiff contemporaneously argues that his *pro se* Complaint must be held to less stringent standards than formal pleadings drafted by lawyers, "*particularly when the pro se plaintiff alleges than his civil rights have been violated.*" [Doc. No. 15 at 2.] (Emphasis in the original.) The Court will not ignore these inconsistencies to Defendant Gutierrez's benefit, particularly where the constitutional claims alleged in Plaintiff's Complaint are asserted against *both* Defendants, and Plaintiff has neither amended his complaint nor moved to dismiss his constitutional claims against Defendant Gutierrez.

Finally, the Court is declining to exercise supplemental jurisdiction to dismiss Plaintiff's state law claims of medical malpractice for failure to exhaust his administrative remedies at this time.

## **RECOMMENDED DISPOSITION**

For the reasons discussed above, this Court recommends that Plaintiff's Motion to Remand [Doc. No. 12] be DENIED and Defendant Gutierrez's Motion to Dismiss [Doc. No. 10] be DENIED. The Court also recommends that Plaintiff's Motion Requesting Authorization to Reply to Motion to Dismiss [Doc. No. 15] be rendered MOOT as Plaintiff's argument posited therein was construed as an additional response to Defendant's Motion to Dismiss. Thus, no additional briefing is required.

Timely objections may be made pursuant to 28 U.S.C. § 636(b)(1)(c). Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(c), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court for the District of New Mexico. A party must file any objections within the fourteen (14) days period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**