IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERTO DELGADO,

      Plaintiff,

vs.                                                                                          No. CIV 12-0808 JB/ACT

DR. GUTIERREZ, M.D., AND NURSE-
PRACTITIONER JUNE KUSHNER,
AT CCA CIBOLA COUNTY, MILAN, N.M.,

      Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO RECONSIDER

**THIS MATTER** comes before the Court on the Letter from the Plaintiff to the Court (dated October 14, 2013), filed October 18, 2013 (Doc. 33), construed herein as a Motion to Reconsider the Order Denying Appointment of Counsel, filed July 8, 2013 (Doc. 28)("Judge Torgerson's Order"), in which the Honorable Alan C. Torgerson, United States Magistrate Judge, denied the Plaintiff's Motion to Appoint Counsel, filed July 5, 2013 (Doc. 27). Defendant Karl R. Gutierrez, M.D., filed Defendant Gutierrez's Response to Plaintiff's Motion to Appoint Counsel (Doc. 33), filed November 4, 2013 (Doc. 34). Defendant Nurse-Practitioner June Kershner filed Defendant June Kersner's Notice of Joinder in Defendant Gutierrez' Response to Plaintiff's Motion to Appoint Counsel, filed November 8, 2013 (Doc. 36). Plaintiff Roberto Delgado did not file a reply.

The issue before the Court is whether the Court should reconsider Judge Torgerson's Order. Because the Court concludes that Delgado has not met his burden of showing a change in controlling law, presenting any new evidence, or demonstrating a manifest injustice, the Court denies the Motion to Reconsider.

**PROCEDURAL AND FACTUAL BACKGROUND**

Delgado is a federal prisoner incarcerated at the Cibola Correctional Center in Milan, New Mexico.  See Indigent Prisoner's Pro-Se Claim of Medical Malpractice, filed in state court June 12, 2012, filed in federal court July 24, 2012 (Doc. 1-1).  On February 8, 2012, Delgado filed a "Motion for Federal Tort Claim Under § 1983 Pursuant to 42 U.S.C.A. § 1983, Pro Se" in the Thirteenth Judicial District Court in Cibola County, New Mexico.  Delgado named Cibola General Hospital and Dr. Gutierrez as the Defendants, alleging, violations of the Eighth Amendment to the Constitution of the United States of America and "medical malpractice, negligence, and gross negligence . . . arising out of treatment of injury to inmate's left hernia, and subsequent damages that resulted from the [hernia] surgery by the attending surgeon at the Cibola General Hospital."  Motion for Federal Tort Claim Under § 1983 Pursuant to 42 U.S.C.A. § 1983, Pro Se at 1, filed in state court February 8, 2012, filed in federal court August 9, 2012 (Doc. 10-2).  Dr. Gutierrez filed Defendant Karl R. Gutierrez, M.D.'s Motion to Dismiss, filed in state court March 8, 2012, filed in federal court August 9, 2012 (Doc. 10-3)("Dr. Gutierrez' State Court Motion to Dismiss"), arguing that, because he is a qualified healthcare provider as defined under the New Mexico Medical Malpractice Act, N.M. Stat. Ann 1978, §§ 41-5-1 to -29, Delgado had failed to comply with the requirements of N.M. Stat. Ann. 1978 § 41-5-15(A).  Dr. Gutierrez' State Court Motion to Dismiss at 1.  Delgado then filed a "Stipulation of Dismissal," filed in state court March 22, 2012, filed in federal court August 9, 2012 (Doc. 10-4), acknowledging that "Plaintiff has to first exhaust with the New Mexico Medical Review Commission and its decision has not been render[ed]."  Stipulation of Dismissal at 2.

On June 12, 2012, Delgado filed a second Complaint entitled "Indigent Prisoner's Pro-Se Claim of Medical Malpractice" in the Thirteenth Judicial District Court in Cibola County ("Complaint").  Complaint, filed in federal court July 24, 2012 (Doc. 1-1).  Delgado named Dr. Gutierrez and Kushner as the Defendants, alleging violations under the Eighth Amendment and the Fourteenth Amendment to the Constitution of the United States of America, and state law, including "medical malpractice, negligence, breach of duty and gross negligence, under the New Mexico State Tort Claims Act, and the United States Federal Tort Claims Act of § 1983 (FTCA) and the Privacy Act."  Complaint at 1-7.

On July 24, 2012, Kushner filed a Notice of Removal.  See Doc. 1.  Because Dr. Gutierrez was not initially served with the Complaint, he did not consent to removal at the time Kushner filed her Notice of Removal.  See Notice of Removal ¶ 8, at 2.  He now concurs in the Notice of Removal.  See Defendant Karl R. Gutierrez, M.D.'s Motion to Dismiss ¶ 14, at 3, filed August 9, 2012 (Doc. 10)("Dr. Gutierrez' Federal Court Motion to Dismiss").  On July 27, 2012, Defendant Kushner filed her Answer (Doc. 7), denying Delgado's allegations and setting forth her affirmative defenses.

Dr. Gutierrez filed a motion to dismiss.  See Defendant Karl R. Gutierrez, M.D.'s Motion to Dismiss, filed August 9, 2012 (Doc. 10)("Motion to Dismiss").  Delgado did not file a response; Dr. Gutierrez filed a Notice of Completion of Briefing on his Motion to Dismiss on September 6, 2012.  Doc. 11.

On October 1, 2012, Delgado filed "Plaintiff's Response in Opposition to Defendant's Notice of Completion of Briefing and Defendant's Notice of Removal to Federal Court."  Doc. 12.  The Court construed this filing as a Response to Dr. Gutierrez' Federal Court Motion to Dismiss and as a Motion to Remand.  See Proposed Findings and Recommended Disposition at

2 n.2, filed February 8, 2013 (Doc. 17)("PFRD"). On October 10, 2012, Dr. Gutierrez filed "Defendant Karl R. Gutierrez, M.D.'s Reply in Support of his Motion to Dismiss," Doc. 13, and an Amended Notice of Briefing Complete, see Doc. 14. On October 22, 2012, Delgado filed a "Motion Requesting Authorization From District Court to Reply to Defendant's Motion to Dismiss." Doc. 15. On October 30, 2012, Defendant Gutierrez filed "Karl R. Gutierrez, M.D.'s Response to Plaintiff's Motion Requesting Authorization from District Court to Reply to Defendant's Motion to Dismiss (Doc. 15)." Doc. 16.

On February 8, 2013, Judge Torgerson entered his PFRD, and recommended that the Court deny the Delgado's Motion to Remand and Dr. Gutierrez' Federal Court Motion to Dismiss. See PFRD at 14. On March 29, 2013, the Court entered a Memorandum Opinion and Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition. See Doc. 18.

On April 3, 2013, Gutierrez filed "Defendant Karl Gutierrez, M.D.'s Answer to Plaintiff's Complaint." See Doc. 19. On April 8, 2013, Gutierrez filed "Defendant Karl Gutierrez, M.D.'s Amended Answer to Plaintiff's Complaint." See Doc. 20. On May 9, 2013, Judge Torgerson an Order Directing Submission of Martinez Report. See Doc. 21.

On July 5, 2013, Delgado filed a Motion for Appointment of Counsel. See Doc. 27. Plaintiff argued that: (i) he does not know the law; (ii) the facility where he is held does not have anyone working in the law library that knows the law; and (iii) the inmates who knew the law and were helping him with his case have been released. See Motion for Appointment of Counsel at 1. On July 8, 2013, Judge Torgerson entered an Order Denying Appointment of Counsel, finding that the "Plaintiff understands the issues in the case and appears to be representing himself in an intelligent and capable manner." Doc. 28 at 1.

**RELEVANT LAW**

The Motion to Reconsider implicates three separate bodies of law. First, because the motion is a request that the Court reconsider its earlier decision to deny the Motion for Appointment of Counsel, it must satisfy the standards for a motion to reconsider. Second, the Court must consider the law related to appointment of counsel in a civil case. Finally, the Court must be mindful that it is dealing with a pro se plaintiff.

### 1. **Motions to Reconsider.**

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." Instead, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to rule 59(e) or a motion seeking relief from the judgment pursuant to rule 60(b) of the Federal Rules of Civil Procedure. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Rule 60 more generally authorizes a district court to "[o]n motion and just terms . . . relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons," including "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case." Arnold v. Farmers Ins. Co. of Arizona, 827 F. Supp. 2d 1289, 1293 (D.N.M. 2011)(Browning, J.)(quoting Van Skiver v. United States, 952 F.2d at 1244). District courts generally, however, may grant relief under this provision only in extraordinary circumstances. See Arnold v. Farmers Ins. Co. of Arizona, 827 F. Supp. 2d at 1293. See also Sindar v. Garden, 284 F. App'x 591, 596 (10th Cir. 2008)(unpublished).[1]

---

[1] Sindar v. Garden is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

A motion to reconsider is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." Arnold v. Farmers Ins. Co. of Ariz., 827 F. Supp.2d at 1293 (citing Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Arnold v. Farmers Ins. Co. of Arizona, 827 F. Supp. 2d at 1293. "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Arnold v. Farmers Ins. Co. of Arizona, 827 F. Supp.2d at 1293. A district court has considerable discretion in ruling on a motion to reconsider. Arnold v. Farmers Ins. Co. of Ariz., 827 F. Supp. 2d at 1293 (citing Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997)).

### 2. **Appointment of Counsel.**

Unlike a criminal defendant, a plaintiff in a civil case has no constitutional right to appointed counsel. See Johnson v. Johnson, 466 F.3d 1213, 1217 (10th Cir. 2006). Rather, a court has discretion to request, pursuant to 28 U.S.C. § 1915, volunteer counsel for a civil litigant proceeding in forma pauperis. See Johnson v. Johnson, 466 F.3d at 1217. See also Mallard v.

---

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court finds that Sindar v. Garden has e persuasive value with respect to material issues, and will assist the Court in its preparation of this Memorandum Opinion and Order Denying Motion to Reconsider.

U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 301-02 (1989). Section 1915(e) provides: "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the United States Court of Appeals for the Tenth Circuit has directed district courts to evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual and legal issues, and the [litigant's] ability to investigate the facts and present his claims." Hill v. SmithKline Beecham Corp., 393 F.3d at 1115 (citing Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)).

A district court's refusal to appoint counsel for an indigent prisoner in a civil case is reviewed for an abuse of discretion. See Rucks v. Boergermann, 57 F.3d at 979. "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." Hill v. SmithKline Beecham Corp., 393 F.3d at 1115 (quoting McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985)). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." McCarthy v. Weinberg, 753 F.2d at 839 (holding that a district court should have appointed counsel for a prisoner with multiple sclerosis attending court in a wheelchair who had diminished eyesight, hearing, and ability to communicate and needed to present complex medical issues requiring expert opinion).

### 3. Pro Se Litigants.

The Tenth Circuit requires that pleadings filed by pro se litigants be held to a less stringent standard. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(citations omitted). That said, pro se litigants are not excused from complying with the procedural rules. See Murray v. City of Tahlequah, 312 F.3d 1196, 1200 n. 3 (10th Cir. 2002)("Although we liberally construe *pro se* pleadings, [the party's] *pro se* status does not relieve him of the obligation to comply with

procedural rules."). Nor are the courts to act as advocates for pro se parties. See Hall v. Bellmon 935 F.2d at 1110 ("[I]t is not the proper function of the district court to assume the role of advocate for the *pro se* litigant.").

## ANALYSIS

The Court will deny the motion to reconsider appointment of counsel. The Court will, however, extend the deadline for Delgado to respond to the Martinez report. The Court will also give Delgado some advice about how to proceed once he is deported to Mexico.

**I.    THE COURT WILL DENY THE MOTION TO RECONSIDER APPOINTMENT OF COUNSEL.**

Delgado argues in his Motion to Reconsider that the person who was helping him litigate his case has been released from prison and there is no one to help him continue the process. See Motion to Reconsider at 1. Delgado states that he is not knowledgeable on how to respond to the Martinez report that the Defendants sent to him. See Motion to Reconsider at 1. Delgado also informs the Court that he anticipates being released and deported in approximately three months, and would like to have an attorney before he is released. See Motion to Reconsider at 1. Finally, Delgado asks the Court whether he can continue his case from Mexico after he has been released. See Motion to Reconsider at 1.

The Defendants contend that Delgado has failed to discuss the merits of his case or the factual issues raised in his Complaint, and therefore has not met his burden of convincing the Court that there is sufficient merit to his claim to warrant the appointment of counsel. See Response at 2. The Defendants ask the Court to deny Delgado's second request for the appointment of counsel. See Response at 3.

There are three possible grounds that justify reconsideration: (i) an intervening change in the controlling law; (ii) new evidence which was previously unavailable; or (iii) the need to correct clear error or prevent manifest injustice. See Arnold v. Farmers Ins. Co. of Arizona, 827 F. Supp. 2d at 1293. Delgado presents no argument that there has been a change in controlling law. Accordingly, to obtain the relief he seeks, Delgado must show that there is new evidence or that manifest injustice will result if the Court were not to reconsider Judge Torgerson's Order. Delgado has shown neither ground.

Here, Delgado makes the same argument in his Motion to Reconsider that he made in his Motion for Appointment of Counsel, thereby presenting no new evidence. A motion to reconsider is an "inappropriate vehicle[] to reargue an issue previously addressed by the court." Arnold v. Farmers Ins. Co. of Ariz., 827 F. Supp. 2d at 1293 (citing Servants of Paraclete v. Does, 204 F.3d at 1012). Furthermore, the unavailability of a jailhouse lawyer is not a factor that the Tenth Circuit considers in determining whether to appoint counsel. Neither are a prisoner's impending release or lack of legal knowledge factors that the Tenth Circuit considers. Instead, the Tenth Circuit directs "district courts to evaluate . . . the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Hill v. SmithKline Beecham Corp., 393 F.3d at 1115 (citing Rucks v. Boergermann, 57 F.3d at 979 (10th Cir. 1995)). Here, the Court has already concluded that the factual and legal issues in this case are not particularly complex, novel, or difficult to analyze, i.e., Delgado alleges that the medical care he received for his hernia surgery and follow-up treatment were inadequate in violation of the Eighth and Fourteenth Amendments. In addition, as stated in Judge Torgerson's Order, Delgado appears to understand the issues in his case, and, up to this point, has been representing himself in an intelligent and capable manner. Specifically, Delgado

has successfully filed two complaints, has filed a number of motions, including this Motion to Reconsider currently before the Court, and has appropriately responded to motions filed that the Defendants have filed. See Indigent Prisoner's Pro-Se Claim of Medical Malpractice; Motion for Federal Tort Claim Under § 1983 Pursuant to 42 U.S.C.A. § 1983; Stipulation of Dismissal; Plaintiff's Response in Opposition to Defendant's Notice of Completion of Briefing and Defendant's Notice of Removal to Federal Court; Motion Requesting Authorization From District Court to Reply to Defendant's Motion to Dismiss; Motion to Traverse on Release of Medical Records, filed May 28, 2013 (Doc. 24); Notice of the Medical Records to the defendants and court, filed June 18, 2013 (Doc. 26); Motion to Appoint Counsel; Motion to Reconsider. In sum, Delgado has adequately communicated with the Court and the Defendants regarding his claims since he filed his first Complaint on February 8, 2012. As for evaluating the merits of Delgado's claim, Delgado has the burden of convincing the Court that there is sufficient merit to his claim to warrant the appointment of counsel. Delgado has not met that burden. Accordingly, Delgado has presented no new evidence that warrants the Court's reconsideration of Judge Torgerson's Order.

The Court is also not persuaded that not reconsidering Judge Torgerson's Order will result in manifest injustice. Delgado's circumstances do not lend themselves to the situation described in McCarthy v. Weinberg, where the district court's failure to appoint counsel resulted in a fundamental unfairness, because the prisoner had multiple sclerosis, was wheelchair bound, had diminished eyesight, hearing, and ability to communicate, and needed to present complex medical issues requiring expert opinion. McCarthy v. Weinberg, 753 F.2d at 839. None of those issues are presented.

.	Because Delgado has failed to present any new evidence to support his Motion for Appointment of Counsel, and because Delgado has failed to demonstrate that not appointing counsel will result in manifest injustice, the Court finds that Delgado's Motion to Reconsider lacks a sound basis in the law or in the facts.

## II.	THE COURT WILL GIVE DELGADO MORE TIME TO FILE A RESPONSE TO THE MARTINEZ REPORT.

Delgado's Response to the Martinez report was due on September 19, 2013.  Because Delgado has been seeking the Court's appointment of counsel, and because the Court is denying Delgado's request for appointment for the second time *after* the date on which Plaintiff's Response was due, the Court will extend the deadline for Delgado to respond to the Martinez report.  "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Delgado will have thirty days from the entry of this Order to respond to the Defendants' Martinez report.  Delgado's Response should include any evidence that he believes will dispute the facts which the Defendants raise in their Martinez report.[2]

---

[2] The Honorable Julie A. Robinson, United States District Judge for the United States District Court for the District of Kansas, has cogently explained the function of Martinez reports in prisoner litigation:

> The Tenth Circuit has said [that a Martinez] report "is not only proper, but may be necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." Hall v. Bellmon, 935 F.2d at 1109.  "On summary judgment, a Martinez report is treated like an affidavit, and the court is not authorized to accept its fact findings if the prisoner has presented conflicting evidence." Northington v. Jackson, 973 F.2d [1518, 1521 (10th Cir. 1992)].  The pro se prisoner's complaint, when sworn and made under penalty of perjury, is also treated as an affidavit and, like the Martinez report, serves as evidence for a summary judgment determination." Spurlock v. Simmons, 88 F. Supp. 2d 1189, 1191 (D. Kan. 2000).

Purkey v. Green, Nos. 01-3134-JAR, 99-3356-JAR, 2005 WL 627959, at *3 n.25 (D. Kan. 2005)(Robinson, J.).

### III.   THE COURT WILL GIVE DELGADO SOME ADVICE ABOUT PROCEEDING WITH HIS CASE.

Delgado has asked whether he can proceed with his case after he is released from prison and deported to Mexico.  Delgado's § 1983 claims for damages remain viable even if he is released from prison.  See Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997).  Delgado should note, however, that pro se litigants are not excused from complying with the procedural rules, and to maintain his claim, Delgado will have a continuing duty to notify the Clerk of the Court, in writing, of any change in his mailing address, telephone numbers, facsimile numbers, or electronic addresses.  See D.N.M.LR-Civ. 83.6.  A failure to keep the Court posted could result in the dismissal of his claim.   As to Delgado's questions regarding how to litigate his claim from Mexico, it is not the proper function of the district court to assume the role of advocate for a pro se litigant.   Accordingly, questions regarding the procedural difficulties or complexities of litigating Delgado's claim from Mexico are questions the Court should not answer.

**IT IS ORDERED** that: (i) the request in the Letter from the Plaintiff to the Court (dated October 14, 2013), filed October 18, 2013 (Doc. 33), construed herein as a Motion to Reconsider the Order Denying Appointment of Counsel, filed July 8, 2013 (Doc. 28), is denied; and (ii) the Plaintiff has thirty days from the entry of this Order to file his Response to Defendants' Martinez Report.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Roberto Delgado
Cibola County Correctional Center
Milan, New Mexico

    *Plaintiff pro se*

Debra J. Moulton
Deborah D. Wells
Kennedy, Moulton & Wells P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Jane Kushner*

Nicole M. Charlebois
Chapman and Clarlebois, P.C.
Albuquerque, New Mexico

--and--

Orlando Coronado Martinez
Dixon, Scholl and Bailey, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Karl R. Gutierrez, M.D.*